UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JERRY CHAMPION ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-00076 |
| | § | |
| EXPRESS RECOVERY SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Express Recovery Services, Inc. ("ERS"), motion for summary judgment. (Dkt. No. 28). The plaintiff, Jeremy Champion Anderson (the "plaintiff"), has filed a response in opposition to the motion in the form of a demand for dismissal and remand, (Dkt. No. 29), and ERS has filed a reply in opposition. (Dkt. No. 31). After having carefully considered the motion, responses, the record and the applicable law, the Court determines that ERS's motion for summary judgment should be **GRANTED**.

**II.   FACTUAL OVERVIEW**

The facts presented in this case are largely undisputed. In December 2012, the plaintiff received medical treatment from Mountain Medical Physicians ("MMP") for an injury he incurred while at work. MMP attempted to obtain payment for the medical services rendered directly from the plaintiff, but to no avail. The plaintiff maintained that his employer's insurance should be held responsible for paying the medical invoice. On August 29, 2013, MMP assigned the plaintiff's account to ERS. ERS made multiple attempts, via letters and telephone calls, to reach the plaintiff regarding the outstanding medical debt.

On or about February 25, 2015, ERS received a letter from the plaintiff disputing the debt. Thereafter, ERS informed each of the credit reporting agencies ("CRAs") that the plaintiff disputed the debt. ERS again informed each of the CRAs that the plaintiff disputed the debt on May 20, 2016, May 7, 2018 and June 7, 2018. Further, ERS sought and received verification of the outstanding debt from the original creditor and forwarded a copy of the same to the plaintiff. (Dkt. No. 28, Ex. D).

On June 25, 2018, the plaintiff commenced the instant action against ERS in the Justice Court, Precinct Two, Victoria County, Texas alleging that it violated the Fair Debt Collection Practices Act, namely 15 U.S.C. § 1692e(8), by communicating false and negative information to the various CRAs. On July 24, 2018, ERS removed the case to this Court.[1] ERS now moves for a summary judgment on the plaintiff's claims.

### III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine

---

[1] This civil action was inadvertently moved to the Houston Division and was subsequently transferred to the Victoria Division. (*Se*e Dkt. No. 8.)

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV. ANALYSIS AND DISCUSSION

Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The protections afforded by the Act inure only to those individuals deemed "consumers." 15 U.S.C. § 1692(b). Pursuant to the Act, a "consumer" is defined to include "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt", however, is limited to any obligations of a consumer to pay money for transactions that "are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The term "debt collector" is defined to encompass "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, assuming an individual qualifies as a "consumer", the FDCPA generally prohibits debt collectors from using any "false, deceptive or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

"To establish a violation, a consumer need not prove intentional conduct by the debt collector." *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 722 (S.D. Tex. 2012) (internal citations omitted). Rather, "applying an objective standard, as measured by 'the least sophisticated consumer', the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *Lee*, 846 F. Supp. 2d at 722 (citing *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (other citations omitted). "A[ny] debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) (citing 15 U.S.C. § 1692k).

Here, the plaintiff asserts that ERS violated Section 1692e(8), which prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[2] 15 U.S.C. § 1692e(8). Specifically, the plaintiff alleges that ERS provided false and negative information to the CRAs by failing to report his debt as disputed. (*See* Dkt. No. 1, Ex. 1). ERS maintains that the plaintiff has failed to demonstrate a genuine issue of material fact concerning whether it provided false or misleading representations in connection with its collection attempts and/or whether it failed to communicate the plaintiff's debt as disputed. This Court agrees.

First, it is undisputed that the debt attempted to be collected by ERS was included in the statement of account delivered to ERS by MMP, the original creditor. Second, the plaintiff does not dispute that he received the medical services provided by MMP, but rather maintains that his employer—not he—should be held responsible for the debt. Third, the plaintiff does not allege nor does he present any evidence that ERS knowingly and intentionally misrepresented the amount of the debt due or that it knowingly and intentionally claimed an amount it knew was not due or otherwise permitted by law.

Instead, the plaintiff avers that ERS failed to report the debt as disputed to the various CRAs, while simultaneously conceding that he has yet to obtain any document from any CRA where his account was not marked as disputed. (Dkt. No. 28, Ex. C at 73:15 – 74: 6.). ERS, in contrast, has presented evidence that it reported the debt as disputed to the various CRAs multiple times from 2015, up to and including 2018. Further, the evidence in the record establishes that upon receipt of the plaintiff's dispute, ERS obtained and transmitted verification

---

[2] This section of the FDCPA applies only to consumers and debt collectors. Neither party contests the classification of the plaintiff as a consumer or ERS as a debt collector within the meaning of the applicable statutory provisions. *See* 15 U.S.C. § 1692a(3), (6).

of the debt to the plaintiff as required by the FDCPA. The record is devoid of any evidence to support the plaintiff's claim that ERS reported materially deceptive, misleading or false information to the CRAs concerning the medical debt or that it failed to report the debt as disputed. Accordingly, ERS has shown that no genuine issues of material fact remain and that it is entitled to a judgment as a matter of law on the plaintiff's FDCPA claim.

## V. CONCLUSION

Based on the foregoing analysis and discussion, ERS's motion for summary judgment is hereby **GRANTED**.

It is so **ORDERED**.

SIGNED on this 4th day of December, 2019.

                                         Kenneth M. Hoyt
                                         United States District Judge